UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| JUICEME, LLC, an Arizona limited liability company; JUICEME I, LLC, an Arizona limited liability company; JUICEME II, LLC, an Arizona limited liability company; JUICEME III, LLC, an Arizona limited liability company; JUICEME, IV, LLC, an Arizona limited liability company; MIKE NEILL, an individual; PHI NGUYEN, an individual<br><br>Plaintiffs,<br><br>v.<br><br>BOOSTER JUICE LIMITED PARTNERSHIP dba BOOSTER JUICE; AW LIMITED PARTNERSHIP, an Oregon Limited Partnership; AW HOLDINGS, INC., a Nevada corporation; AW HOLDINGS CORPORATION dba BOOSTER JUICE, an Alberta, Canada corporation; DALE WISHEWAN, individually and in his official capacity; JONATHAN AMACK, individually and in his official capacity; and DOES 1-5, INCLUSIVE,<br><br>Defendants. | Case No. 09-cv-1506 BR<br><br>[PROPOSED] ORDER CONFIRMING ARBITRATION AWARD AND JUDGMENT |

## FINDINGS

Before this Court is the Petition for Order to Confirm Arbitration Award ("Petition") filed by

Plaintiffs JuiceMe, LLC, JuiceMe I, LLC, JuiceMe II, LLC, JuiceMe III, LLC, JuiceMe, IV, LLC,

Mike Neill and Phi Nguyen's (collectively, "Plaintiffs"). Plaintiffs seek an order confirming the Final Arbitration Award dated November 8, 2012 and served on the parties by the International Centre for Dispute Resolution ("ICDR"), a division of the American Arbitration Association ("AAA"), in the arbitration proceeding entitled *JuiceMe, LLC, et al. v. Booster Juice Limited Partnership dba Booster Juice, et al.*, ICDR case number 50 114 T 00811 10 ("the Final Arbitration Award").

The Court, having considered the submissions of the parties, the entire case file and applicable legal authority, hereby **GRANTS** Plaintiffs' Petition and orders **JUDGMENT** for the reasons that follow:

On or about December 16, 2010, Plaintiffs initiated an arbitration proceeding against Defendants, among others, asserting claims for (1) violation of the Oregon Franchise Act, O.R.S. §§ 650.020, et seq., (2) Intentional Misrepresentation, (3) Negligent Misrepresentation, (4) False Promise, (5) Fraudulent Suppression of Fact, (6) Unfair Business Practices, O.R.S. § 646.638, (7) Breach of Contract – RDA, (8) Breach of Contract – Franchise Agreements, (9) Breach of the Covenant of Good Faith and Fair Dealing; (10) Breach of Contract – Rescission of RDA; (11) Breach of Contract – Rescission of Franchise Agreement; (12) Indemnification of Obligations of Plaintiffs under Lease; (13) Breach of Contract – Damages for Failure to Pay Arbitration Costs; and (14) Request for Injunctive Relief. Plaintiffs initiated the arbitration in accordance with the parties' binding arbitration agreements. The making of the arbitration agreements is not at issue and are therefore considered by the Court to be valid and enforceable agreements to arbitrate.

The ICDR appointed arbitrator Jeffery M. Batchelor, Esq. ("Arbitrator") to serve as the sole arbitrator in the case. A full evidentiary hearing was conducted from February 20, 2012 through March 9, 2012, in Portland, Oregon. During the hearing, both parties submitted live witness testimony and exhibits.

On November 8, 2012, the Arbitrator issued a detailed Final Arbitration Award finding in favor of Plaintiffs and against Defendants. A copy of the Final Arbitration Award was served on both parties by the ICDR on November 12, 2012, and is attached hereto as Exhibit A.

This Court finds that it has jurisdiction over this matter, personal jurisdiction over Defendants, and that the United States District Court for the District of Oregon is a proper venue for the confirmation of the Final Arbitration Award.

The Federal Arbitration Act, 9 U.S.C. § 9, requires a court to confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11" of the FAA. 9 U.S.C. § 9; see *United Food & Commercial Workers Int'l Union, Local 588 v. Foster Poultry Farms*, 74 F.3d 169, 173 (9th Cir. 1995) (holding that award must be confirmed if arbitrator even arguably construed or applied contract and acted within the scope of its authority).

Here, Defendants have urged no grounds to vacate, modify or correct the award; therefore, as a matter of law, Plaintiffs are entitled to confirmation of the Final Arbitration Award. Accordingly, the Court finds as follows:

### ORDER

**IT IS HEREBY ORDERED** that the Petition is **GRANTED** and the Final Arbitration Award dated November 8, 2012 in the matter between Plaintiffs and Defendants, a true and correct copy attached hereto as Exhibit A and incorporated by reference herein, is **CONFIRMED** in its entirety.

### JUDGMENT

The Court having granted Plaintiffs' Petition issues **JUDGMENT** as follows:

a)    In favor of Plaintiffs and against Defendants, jointly and severally, for the award of damages in the amount of $968,260.92, together with interest at the Oregon legal rate of 9% until the date of this Judgment;

b)    In favor of Plaintiffs and against Defendants, jointly and severally, for the award of attorneys' fees and costs in the sum of $343,932.94, together with interest at the Oregon legal rate of 9% from November 8, 2012 until the date of this Judgment;

c)    In favor of Plaintiffs and against  Defendant Booster Juice Limited Partnership for the award of  damages in the amount of $270,403, together with interest at the Oregon legal rate of 9% from January 22, 2008 until the date of this Judgment;

d)    In favor of Plaintiffs and against  Defendant Booster Juice Limited Partnership for the award of  attorneys' fees and costs in the sum of $251,826.90, together with interest at the Oregon legal rate of 9% from November 8, 2012 until the date of this Judgment;

e)    In favor of Plaintiffs and against Defendants, jointly and severally, for the additional award of costs in the sum of $5,725.00, together with interest at the Oregon legal rate of 9% from November 8, 2012 until the date of this Judgment;

f)    Plaintiffs shall recover their costs and attorneys' fees associated with confirming the Final Arbitration Award; and

g)    Plaintiffs are entitled to post-judgment interest specified in 28 U.S.C. § 1961 on all amounts awarded to them from the date of this JUDGMENT until paid.

The clerk of this Court shall forthwith enter this judgment in the records of the Court.

**IT IS SO ORDERED**.

Dated _June 24_, 2013

_____
HONORABLE ANNA J. BROWN
DISTRICT COURT JUDGE

Prepared and submitted by:

James M. Mulcahy (California SBN 213547)
_jmulcahy@mulcahyllp.com_
**MULCAHY LLP**
Four Park Plaza, Suite 1230
Irvine, California 92614
Telephone: (949) 252-9377
Facsimile: (949) 252-0090
_Admitted pro hac vice_

Attorneys for Plaintiffs